Robert L. Volz (CA Bar No: 209704)
SAAD AHMAD & ASSOCIATES
39159 Paseo Padre Parkway, Suite 307
Fremont, CA 94538
Telephone: (510) 713-9847
Fax: (510) 713-9850

Attorneys for Petitioner: Gopal Singh

**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| Gopal Singh ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> Alberto Gonzales, Attorney General of ) <br> the United States; Michael Chertoff; ) <br> Secretary of the Department of ) <br> Homeland Security; Nancy Alcantar, ) <br> Field Director of Detention and ) <br> Removal of Immigration & Custom ) <br> Enforcement ) <br> ) <br> Respondents ) <br> _____ ) | **Case No.C 07 3201 PJH** <br><br> PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF <br><br> Immigration File No: A76-676-499 |

Petitioner, Gopal Singh (hereinafter "Petitioner"), by and through his undersigned counsel, hereby respectfully petitions this Honorable Court for a Writ of Habeas Corpus to remedy his unlawful detention, and to enjoin Respondents from continuing to violate his due process rights under the United States Constitution, treaties and laws. In support of this petition and complaint for declaratory and injunctive relief, Petitioner alleges as follows:

**INTRODUCTION**

1. Immigration & Nationality Act (hereinafter "INA") states that the order of removal is stayed until there is a final decision on a legalization application (hereinafter "temporary residence status"). INA §245A(e)(2). INA §245A(e)(2) provides that an alien who presents a prima facie application for temporary residence status under the above section may not be deported, and shall be granted authorization to engage in employment in the United

1

States. Petitioner's application for application for temporary residence status is currently pending at the United States Citizenship & Immigration Services (hereinafter "CIS") Nebraska Service Center. No decision on his application has been made.

2. Petitioner's detention violates congressional mandate that applicants for temporary residence status who present a prima facie application for temporary residence status not be removed from the United States during the period their application is pending adjudication. Petitioner's detention is also unconstitutional because his removal from the United States is not reasonably foreseeable, and the government has not provided any special justification for his continued detention.

**CUSTODY**

3. Petitioner has been held at the DHS Detention facility in Marysville, California since March 26, 2007. This constitutes "custody" for the purposes of filing a Petition for Writ of Habeas Corpus.

**JURISDICTION**

4. This Honorable Court has original jurisdiction over this action under 28 U.S.C. §1331 because it arises under the constitution, laws, and treaties of the United States. Although the REAL ID Act deprives the district court of habeas corpus jurisdiction to review final orders of removal, the Ninth Circuit has held that habeas corpus review is available to challenge detentions that are independent of challenges to a removal order. <u>Sissoko v. Rocha</u>, 412 F.3d 1021, 1033 (9th Cir. 2005).

5. This Honorable Court also has jurisdiction under the Administrative Procedures Act ("APA"), 5 U.S.C. §702, because this action arises from a legal wrong that resulted from an agency action; under 28 U.S.C. §2241 and under Art. 1, §9, Clause 2 of the United States Constitution (hereinafter "Suspension Clause").

**VENUE**

6. Venue lies in the United States District Court for the Northern District of California, San Francisco Division, the judicial district in which the ICE Field Director for Detention and Removal Nancy Alcantar resides. 28 U.S.C. §1391(e).

**PARTIES**

7. Petitioner is a native and citizen of India. Respondents are unlawfully detaining Petitioner in violation of his due process rights under the United States constitution.

8. Respondent Nancy Alcantar is the Field Director of Detention & Removal for ICE San Francisco District Office and is Petitioner's immediate custodian.

9. Respondent Michael Chertoff is the Secretary of the Department of Homeland Security. He is responsible for the administration of ICE, as well as the implementation and enforcement of the INA. As such, he is also a custodian of Petitioner.

10. Respondent Alberto Gonzales is the Attorney General of the United States, and he is responsible for the Department of Homeland Security's implementation and enforcement of the INA. As such, he has ultimate custodial authority over Petitioner.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. Petitioner has exhausted all of his administrative remedies and judicial remedies, and his only remedy is by way of this judicial action.

**STATEMENT OF FACTS**

12. Petitioner is a native and citizen of India who last entered the United States in October 1996. He applied for asylum on the basis of his political opinion pursuant to INA §208. An Immigration Judge denied his asylum application and ordered him removed to India. Petitioner filed a timely appeal to the Board of Immigration Appeals (hereinafter "Board").

13. Subsequently, the Board dismissed the appeal, and Petitioner sought a timely judicial review in the United States Court of Appeals for the Ninth Circuit (hereinafter "Ninth Circuit"). On January 18, 2005, the Ninth Circuit denied Petitioner's petition for review.

14. On December 20, 2005, Petitioner filed an application for temporary resident status pursuant to INA §245A. INA §245A created a legalization program pursuant to the Immigration Reform and Control Act of 1986 (hereinafter "IRCA"). IRCA included two different legalization programs: a "general amnesty" for individuals who had resided unlawfully in the United States since January 1, 1982; and a "special agricultural worker" legalization program for certain farm workers who had worked for at least 90 days performing agricultural work. INA §210. Petitioner applied for general amnesty, and his application for temporary resident status is currently pending at the CIS Nebraska Service Center. Petitioner has established a prima facie case for temporary resident status in the United States.

15. INA §245A(e)(2) provides that an alien who presents a prima facie application for temporary residence status under the above section may not be deported, and shall be granted authorization to engage in employment in the United States. Petitioner's application for application for temporary residence status is currently pending at the USCIS.

16. On March 26, 2007, ICE detained Petitioner pursuant to its authority under the post-removal detention statute, which allows the Attorney General to detain any alien against whom a final administrative removal order has been entered by the Board. During the mandatory post removal detention period, the government must detain an alien until he or she is actually removed. The statute allows the Attorney General to remove an alien with a final order of removal within a 90-day period. INA §241(a)(1)(A), 8 U.S.C. §1231(a)(1)(A). The United States Supreme Court (hereinafter "Supreme Court") has allowed the government a presumptively reasonable period of detention of up to six months to effectuate removal of an

4

1  alien with a final removal order.  Zadvaydas v. Davis, 533 U.S. 678, 701 (2001).  If the
2  government cannot remove an alien within this presumptively reasonable period, it must release
3  the alien or provide special justification for his continued detention.  8 U.S.C. §1231(a)(6).
4  "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer
5  authorized."  Id. at 699.  Federal regulations grant the Attorney General the power to detain a
6
7  dangerous alien on national security grounds beyond the presumptively reasonable six month
8  period.  8 C.F.R. §241.14.

9     17.   Petitioner's removal from the United States is not reasonably foreseeable
10 because his temporary residence status application remains pending at the CIS.  Moreover,
11
12 Petitioner has a right to seek administrative appeal to the Legalization Appeals Unit ("LAU") if
13 the CIS makes an adverse decision of the application.  The Respondents have not offered any
14 special justification for Petitioner's continued post-removal detention, other than the fact that
15 the Ninth Circuit has denied his petition for review of his asylum claim.

16              **FIRST CLAIM FOR RELIEF**
17                 **(Statutory Violation)**

18     18.   The allegations set forth above in paragraphs 1 through 17 inclusive are
19 incorporated into the cause of action by reference as if set forth in full.
20
21     19.   The government is illegally detaining Petitioner in violation of INA §245A
22 which requires that qualified applicants who present prima facie cases for legalization will not
23 be deported from the United States prior to the adjudication of their cases.

24              **SECOND CLAIM FOR RELIEF**
25                **(Due Process Violation)**

26     20.   The allegations set forth above in paragraphs 1 through 19 inclusive are
27 incorporated into this cause of action by reference as if set forth in full.
28     21.   The government is illegally detaining Petitioner in violation of his Fifth

5

Amendment due process rights because the government has not provided any special justification for Petitioner's continued detention.

### THIRD CLAIM FOR RELIEF
### (Constitutional Violations)

22. The allegations set forth above in paragraphs 1 through 21 inclusive are incorporated into this cause of action by reference as if set forth in full.

23. The government is illegally detaining Petitioner in violation of his constitutional right to be free from government custody because there is no significant likelihood of his removal in the reasonably foreseeable future.

### PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Honorable Court grant the following relief:

(1) Grant the Petition for Writ of Habeas Corpus;

(2) Issue an order enjoining Respondents from enforcing this illegal detention by the government;

(3) Award Petitioner with reasonable costs and attorneys' fees; and

(4) Grant any other relief which this Honorable Court deems just and proper.

Dated:                                              Respectfully submitted


                                                    _____
                                                    Robert Louis Volz
                                                    Attorney for Petitioner