UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GOPAL SINGH,

    Petitioner,

    v.

ALBERTO GONZALES, Attorney General of the United States, et al.,

    Respondents.

_____/

No. C 07-3201 PJH

**ORDER TO SHOW CAUSE**

    On June 18, 2007, petitioner Gopal Singh filed the above-entitled petition for writ of habeas corpus and complaint for declaratory and injunctive relief.  Petitioner, who is subject to a final order of removal, has been held by Immigration and Custom Enforcement (ICE) at the Department of Homeland Security Detention facility in Marysville, California, since March 26, 2007, pursuant to ICE's authority under the post-removal detention statute.

    On December 20, 2005, petitioner filed an application for temporary resident status pursuant to INA § 245A.  Petitioner alleges that he has established a prima facie case for temporary resident status in the United States, and that under INA § 245A(e)(2) he may not be deported and must be granted authorization to engage in employment in the United States.

    Petitioner asserts that under Zadvaydas v. Davis, 533 U.S. 678, 701 (2001), the United States is allowed a presumptively reasonable period of detention of up to six months to effectuate removal of an alien who is subject to a final removal order.  Petitioner contends that because his removal is not reasonably foreseeable, based on the pendency

of his temporary residence status application, respondents must release him from detention.

He also asserts that under Sissoko v. Rocha, 412 F.3d 1021, 1033 (9th Cir. 2005), and notwithstanding the provisions of the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a), this court has jurisdiction over this petition, because the detention is independent of challenges to a removal order.

Petitioner alleges further that the court has jurisdiction under the Administrative Procedure Act, 5 U.S.C. § 702, because this action arises from a legal wrong that resulted from an agency action.

Good cause appearing,

IT IS HEREBY ORDERED as follows:

(1)     The Clerk of the Court shall serve a copy of this order and the petition upon counsel for respondents, the Office of the United States Attorney.  The Clerk shall also serve a copy of this order on petitioner.

2.     Respondents shall file with the court and serve on petitioner, within 60 days of the date of this order, an answer showing why a writ of habeas corpus should not be issued.  Respondents shall file with the answer and serve on petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

3.     If the petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondents within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated:  July 11, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge

2